IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § | CASE NO. 6:19-CR-00025-JDK |
| | § § | |
| ANDREW MARK HARRIS (6) | § § § | |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On October 11, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Alan Jackson.  Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Less than 50 Grams of Methamphetamine, a Class C felony, Defendant Andrew Mark Harris was sentenced on March 17, 2020 by United States District Judge Jeremy D. Kernodle.  The offense carried a statutory maximum imprisonment term of 20 years.  The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was imprisonment for 57 to 71 months.  Defendant was sentenced to imprisonment for 71 months, followed by a 3-year term of supervised release.  The Court amended the judgment on December 3, 2020 to reduce the sentence to imprisonment 53 months, due to changed circumstances.  The three-year term of

1

supervised release is subject to the standard conditions of release, plus special conditions to include

financial disclosure, drug aftercare, mental health treatment, and a $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release

on January 9, 2023.  Defendant's conditions of supervised release were amended on March 7, 2023

to include a special condition for a 180-day placement at a residential reentry center or similar

facility.

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on

August 30, 2023, United States Probation Officer Lupe Saucedo alleges that Defendant violated

the following conditions of supervised release:

1. **Allegation 1 (mandatory condition #3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant tested positive for methamphetamine/amphetamine and marijuana on April 19, 2023; March 6, 2023; and February 14, 2023.  It is also alleged that Defendant tested positive for and admitted to marijuana use on April 12, 2023.

2. **Allegation 2 (standard condition #7): The defendant must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If the defendant does not have full-time employment he must try to find full-time employment, unless the probation officer excuses him from doing so.  If the defendant plans to change where he works or anything about his work (such as his position or job responsibilities), he must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that Defendant stopped working for L&L Asphalt on February 9, 2023, and failed to notify the probation officer of the change.  Defendant has allegedly remained unemployed since.

3. **Allegation 3 (special condition): The defendant must pay the total monetary penalties under the schedule of payments on Sheet 6, $100.00 Assessment.**  It is alleged that Defendant failed to pay the special assessment fee as agreed.

4. **Allegation 4 (special condition):  The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a**

**period of 180 days to commence as directed by the probation officer. The defendant must abide by the rules and regulations of the center and pay subsistence according to the U. S. Bureau of Prisons guidelines.** It is alleged that Defendant was unsuccessfully discharged from the County Rehabilitation Center on or about July 28, 2023, due to violating the center's rules and regulations by consuming alcohol.

5. **Allegation 5 (mandatory condition):  The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant committed the new law violations of Possession of Controlled Substance PG 3 < 28 Grams, a Class A misdemeanor, and Possession of Controlled Substance PG 1/1-B >= 1G < 4G, a Third-Degree Felony, in Van Zandt County, Texas, on August 12, 2023.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine/amphetamines or by committing the offense of Possession of Controlled Substance PG 1/1-B >= 1G < 4G, a Third-Degree Felony, as alleged in the petition, he

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was IV.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 12 to 18 months.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, using methamphetamine/amphetamines and marijuana, failing to notify the probation officer of a change in employment, failing to pay the $100 special assessment, being unsuccessfully discharged from the residential reentry center, or committing the offense of Possession of Controlled Substance PG 3 > 28 Grams, a Class A Misdemeanor, as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On October 11, 2023, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 15 months of imprisonment for this revocation, which includes 72 days of unserved community confinement, with no further term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FMC Ft. Worth to accommodate his medical issues.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true.  Defendant is guilty of a Grade B supervised release violation.  I further find and conclude that Defendant's term of supervised release should

4

be revoked and that he should be sentenced to 15 months of imprisonment with no further term of supervised release.   The recommended term of imprisonment includes 72 days of unserved community confinement.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 15 months with no further term of supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Ft. Worth.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 15 months, which includes 72 days of unserved community confinement, with no further term of supervised release.

So ORDERED and SIGNED this 11th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5